# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

Reissued for Public Availability Date: July 20, 2023

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| BERNADETTE ROGERS, *as legal representative for* WILLIE LEE WILLIAMS, | * * * | |
| | * | No. 22-510V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: April 11, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * | Recusal, polysaccharide |
| | * | pneumococcal vaccine, receipt |
| Respondent. | * | of vaccination |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Bernadette Rogers, *pro* se, Riverview, FL;
Claudia Gangi, United States Dep't of Justice, Washington, DC, for respondent.

## ORDER DENYING MOTION TO RECUSE AND DECISION DENYING ENTITLEMENT TO COMPENSATION[1][2]

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this order and decision on its website (http://www.cofc.uscourts.gov/aggregator/sources/7). This posting will make the order and decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] Pursuant to Vaccine Rule 18(b), this Order and Decision was initially filed on April 11, 2023, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Order and Decision is reissued in its original form for posting on the Court's website.

Ms. Rogers alleges that her mother, Ms. Williams, received an influenza vaccine and a polysaccharide pneumococcal vaccine. These vaccines, according to Ms. Rogers, contributed to the death of Ms. Williams in a hospital at age 91. The Secretary challenged the allegation that Ms. Williams received the flu vaccine and otherwise noted that the Vaccine Program does not cover the polysaccharide pneumococcal vaccine. While these issues were being litigated, Ms. Rogers filed a motion for recusal.

Ms. Rogers's motion for recusal is DENIED. She has not established that the undersigned's impartiality could be questioned. In addition, her claim is DISMISSED.

## **Motion for Recusal**

Ms. Rogers accurately notes that before being appointed as a special master, the undersigned worked for the United States Department of Justice from 2001-06. Based upon this prior employment, Ms. Rogers contends that the undersigned cannot be impartial. Pet'r's Resp., filed Feb. 8, 2023, at 7.

### Standards for Adjudication

The statutes governing the recusal of judicial officers are 28 U.S.C. sections 144 and 455. The key case is Liteky v. United States, 510 U.S. 540 (1994). There, the United States Supreme Court stated, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. at 555. The Supreme Court reasoned,

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source, and they *will* do so if they reveal such a high degree of

>favoritism or antagonism as to make fair judgment impossible.

Id. (emphasis in original).

After Liteky, judicial officers have analyzed questions of disqualification and recusal through this lens. See, e.g., Hickman v. United States, 122 Fed. Cl. 645 (2015); Schultz v. Sec'y of Health & Hum. Servs., No. 16-539V, 2019 WL 6359139 (Fed. Cl. Spec. Mstr. Oct. 9, 2019).

### Analysis

A judicial officer's past employment in the Department of Justice does not serve as a basis for recusal in every case in which current attorneys working at the Department of Justice appear. One example is Allphin v. United States, 758 F.3d 1336, 1343-44 (Fed. Cir. 2014). Allphin stands out because the Federal Circuit, whose opinions constitute precedent binding on special masters, decided it. Other examples include In re Hawsawi, 955 F.3d 152, 160 (D.C. Cir. 2020), and McKee v. United States Dep't of Just., 253 F.Supp.3d 78, 81-82 (D.D.C. 2017).

The undersigned has no bias against and no prejudice for the party whom attorneys from the United States Department of Justice represents. The undersigned will fairly adjudicate Ms. Rogers's case based upon the evidence.

## Entitlement to Compensation

Ms. Rogers alleges either of two vaccines, the flu vaccine or the polysaccharide pneumococcal vaccine, harmed Ms. Williams. Pet., filed May 9, 2022, at 1.[3] However, Ms. Rogers cannot prevail in either claim.

### Pneumonia / Polysaccharide Pneumococcal Vaccine

Ms. Rogers states Ms. Williams "was given PPSV23 a pneumonia vaccine." Id. This allegation is accurate. Ms. Rogers presented evidence to show that Ms. Williams received this vaccine. ECF No. 14-2 at 100. In her response to the order to show cause, Ms. Rogers stated that there are "two types of pneumococcal vaccines: PCV13 Conjugate Vaccine … [and] PPSV Polysaccharide Vaccine." Pet'r's Resp., filed Feb. 8, 2023, at 3-4.

---

[3] This page, which is the first page, is marked "A-5" in the lower right corner.

Only pneumococcal conjugate vaccines are covered by the National Childhood Vaccine Injury Compensation Program (hereinafter "the Vaccine Program").  See National Vaccine Injury Compensation Program: Addition of Pneumococcal Conjugate Vaccines to the Vaccine Injury Table, 66 Fed. Reg. 28166 (May 22, 2001) ("Through this notice, pneumococcal conjugate vaccines are now included as covered vaccines under Category XIII of the Table. Because the CDC only recommended pneumococcal conjugate vaccines to the Secretary for routine administration to children, polysaccharide-type pneumococcal vaccines are not covered under the VICP or included on the Table.").  Ms. Williams received a pneumococcal polysaccharide vaccine, which is expressly excluded from the Vaccine Program.  Id.  Ms. Rogers cannot receive compensation on a claim based on the polysaccharide vaccine through the Vaccine Program, and the claim must be dismissed.  See, e.g., Jarvis v. Sec'y of Health & Hum. Servs., No. 22-1529V, 2023 WL 2344297, at *1 (Fed. Cl. Feb. 3, 2023) (dismissing petition that involved polysaccharide vaccine); Branson v. Sec'y of Health & Hum. Servs., No. 17-131V, 2017 WL 3429847, at *2 (Fed. Cl. July 11, 2017) (same); Bundy v. Sec'y of Health & Hum. Servs., No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Jan. 8, 2014) (same)

Flu Vaccine

Respondent challenged whether Ms. Williams had received the flu vaccine, arguing that it was unclear from the medical records provided. Resp't's Status Rep., filed Nov. 21, 2022 (referencing ECF No. 14-2 at 82, which showed that the flu vaccine was deferred on February 14, 2022). A status conference was held on December 1, 2022, during which the parties discussed the issue of establishing that Ms. Williams received the flu vaccine.  Because of the inconsistent information in the record, the undersigned ordered the Secretary to seek out additional information from Tampa General Hospital that would clarify whether Ms. Williams received the flu vaccine.  Order, issued Dec. 2, 2022.

On January 25, 2023, the Secretary filed supplemental records from Tampa General Hospital indicating that Ms. Williams did not receive the flu vaccine in February 2022.  Exhibit A at 3 (noting the order for the flu vaccine was discontinued on February 15, 2022).

Ms. Rogers was ordered to respond by March 13, 2023 to show cause as to why her case should not be dismissed, and was encouraged to produce new evidence showing Ms. Williams received the flu vaccine.  Order, issued January

27, 2023.  Ms. Rogers filed a response but did not include any new evidence.  Pet'r's Resp. to Show Cause Order, filed Feb. 8, 2023.

There is no record affirmatively indicating that Ms. Williams was administered the flu vaccine.  Moreover, the record indicates that the vaccine was not administered.  Exhibit A at 3.  Accordingly, the evidence shows that Ms. Williams did not receive the alleged flu vaccine.

Consequently, Ms. Rogers' case is dismissed for failure to present evidence (medical records), not as a sanction.  See Duncan v. Sec'y of Health & Hum. Servs., 153 Fed. Cl. 642 (2021) (denying motion for review of a decision for failure to present persuasive evidence); see also Hennings v. Sec'y of Health & Hum. Servs., No. 18-1336V, 2020 WL 2465730 (Fed. Cl. Spec. Mstr. Apr. 13, 2020) (dismissing case when petitioner did not establish vaccination); Gordon v. Sec'y of Health & Hum. Servs., No. 18-40V, 2019 WL 4165318 (Fed. Cl. Spec. Mstr. July 29, 2019) (crediting medical record that showed a deceased person declined a flu vaccination and dismissing the case).

As such, Ms. Rogers is unable to show that Ms. Williams "received a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa–11(c)(1)(A).  Without this preponderant proof, Ms. Rogers cannot receive compensation pursuant to a claim that a flu vaccination harmed Ms. Williams.

## Conclusion

Cases in the Vaccine Program are necessarily limited to cases in which the person allegedly harmed by a vaccine received a vaccine listed in the Vaccine Table.  Ms. Rogers has not shown that Ms. Williams qualifies because Ms. Williams received one vaccine, the polysaccharide-type pneumococcal vaccine, that is not listed in the Vaccine Table.  Ms. Rogers also has not shown that Ms. Williams received the flu vaccine.

Ms. Rogers has also raised questions about the care her mother received.  Those allegations cannot be adjudicated in the Vaccine Program.

It is evident that Ms. Rogers cared for her mother and Ms. Williams's unfortunate death has caused Ms. Rogers anguish.  Ms. Rogers deserves sympathy for the loss of a loved parent.  However, she has not shown that the Vaccine Program can compensate her.

Accordingly, the Clerk's Office is instructed to dismiss this case and to enter judgment in accord with this decision unless a motion for review is filed. Information about filing a motion for review, including the deadline for any such submission, is available through the Vaccine Rules posted on the website for the Court of Federal Claims.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master